1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  BRIAN JOHN CARTER | CV F- 07-887 LJO DLB PC |
| 12                    Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN 30 DAYS |
| 13          v. | |
| 14  DIRECTOR OF CORRECTIONS, et. al., | (Doc.1 ) |
| 15                    Defendants. | |

16

17

18   I.      Screening Order

19          A.      Screening Requirement

20          Plaintiff Brian John Carter ("plaintiff") is a state prisoner proceeding pro se and in forma

21   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June

22   21, 2007.

23          The court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

28   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

3           "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

5   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

6   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

7   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

8   grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

9   if it is clear that no relief could be granted under any set of facts that could be proved consistent with

10   the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

11   the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

12   the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,

13   353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

14   Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

15   opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

16   2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

17   Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

18   complaint may not supply essential elements of the claim that were not initially pled." Bruns v.

19   Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents,

20   673 F.2d 266, 268 (9th Cir. 1982)).

21           B.      Summary of Plaintiff's Complaint

22           Plaintiff is an inmate at California Correction Institution in Tehachapi, where the events at

23   issue in this action occurred.  The defendants named in this action are the Director of Corrections,

24   Correctional Officer Holliman, Lt. J. Lundy, Lt. Cox, Lt. G. Heartgrove, and Warden J.W. Sullivan.

25   Plaintiff is seeking money damages.

26           Plaintiff alleges that on May 8, 2006, he was advised that during an inspection, defendant

27   Holliman found a weapon taped to the under side of plaintiff's bunk.  Plaintiff alleges that when

28

1   notified, defendant Lundy failed to properly secure the area as a crime scene.  Plaintiff states that an

2   administrative review was conducted by defendant Cox, and plaintiff was placed in Administrative

3   Segregation pending review by the Institutional Classification Committee.   Plaintiff states that a

4   hearing was conducted by Senior Hearing Officer defendant Heartgrove, and that plaintiff was

5   subsequently found guilty of unauthorized possession.  Plaintiff contends that he was never aware

6   that the weapon was under his bunk.  Plaintiff alleges defendants violated the Eighth Amendment

7   protections against cruel and unusual punishment, and violated the Fourteenth Amendment Due

8   Process clause.

9          C.      Plaintiff's Eighth Amendment Claim

10         The Eighth Amendment prohibits the imposition of cruel and unusual punishments and

11  "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."

12  Estelle v. Gamble, 429, U.S.97, 102 (1976) (citation and internal quotations omitted); see also Hutto

13  v. Finney, 437 U.S. 678, 685 (1978); Spain v. Procunier, 600 F.2d. 189, 200 (9th Cir. 1979).

14         "[A] prison official violate the Eighth Amendment only when two requirements are met.

15  First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or

16  omission must result in the denial of 'the minimal civilized measure of life's necessities.'...The

17  second requirement follows from the principle that 'only the unnecessary and wanton infliction of

18  pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a

19  prison official must have a 'sufficiently culpable state of mind.".  Farmer v. Brennan, 511 U.S. 825,

20  834 (1994) (citations omitted); see also Wilson v. Seiter, 501 U.S. 294, 299-300 (1991) (discussing

21  subjective requirement).

22         Plaintiff has not alleged any facts which would support a claim that he was denied the

23  "minimal civilized measure of life necessities", nor that the named defendants had a "sufficiently

24  culpable state of mind".  Farmer, 511 U.S. at 834.   Plaintiff fails to state a cognizable claim for

25  relief under the Eighth Amendment.

26         D.      Plaintiff's Due Process Claim

27         Plaintiff alleges that his placement in Administrative Segregation was "a farce" (Doc. 1, p.6),

28

1  and that deficiencies throughout the administrative hearing process constituted a violation of due

2  process.

3          The Due Process Clause protects against the deprivation of liberty without due process of

4  law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the Due

5  Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

6  protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state

7  law.  Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause itself does not

8  confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."

9  Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Under state law, the

10  existence of a liberty interest created by prison regulations is determined by focusing on the nature of

11  the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state

12  law are "generally limited to freedom from restraint which . . . imposes atypical and significant

13  hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515

14  U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, No. 04-15770, 2007 WL 400759, at

15  *1 (9th Cir. Feb. 7, 2007).

16          Although plaintiff alleges a claim for denial of due process, apparently against defendants

17  Holliman, Lundy, Cox and Heartgrove, plaintiff has not alleged any facts supporting a claim that

18  these defendants deprived plaintiff of a protected liberty interest without due process of law.

19  Therefore, plaintiff's claim fails as a matter of law.

20          E.      Defendants Director of Corrections and J. W. Sullivan

21          The Civil Rights Act under which this action was filed provides:

22              Every person who, under color of [state law] . . . subjects, or causes to
                be subjected, any citizen of the United States . . . to the deprivation of
23              any rights, privileges, or immunities secured by the Constitution . . .
                shall be liable to the party injured in an action at law, suit in equity, or
24              other proper proceeding for redress.

25  42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal

26  Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

27  (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

28

U.S. District Court
E. D. California                                          4

1  deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

2  Section 1983 offers no redress." Id.

3      Section 1983 plainly requires that there be an actual connection or link between the actions of

4  the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.

5  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A

6  person deprives another of a constitutional right, where that person 'does an affirmative act,

7  participates in another's affirmative acts, or omits to perform an act which [that person] is legally

8  required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500

9  F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he

10 'requisite causal connection can be established not only by some kind of direct, personal

11 participation in the deprivation, but also by setting in motion a series of acts by others which the

12 actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id.

13 (quoting Johnson at 743-44).

14      Under section 1983, liability may not be imposed on supervisory personnel for the actions of

15 their employees under a theory of respondeat superior. When the named defendant holds a

16 supervisorial position, the causal link between the defendant and the claimed constitutional violation

17 must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

18 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for

19 relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the

20 defendant either: personally participated in the alleged deprivation of constitutional rights; knew of

21 the violations and failed to act to prevent them; or promulgated or "implemented a policy so

22 deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of

23 the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

24 omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

25      Here, plaintiff's complaint does not state any cognizable claims for relief for violation of

26 plaintiff's constitutional rights. Absent the existence of a violation of plaintiff's constitutional rights,

27 there is no basis upon which to impose supervisory liability against defendants Director of

28

U.S. District Court
E. D. California

5

1    Corrections and Warden Sullivan.  Further, even if plaintiff had alleged a cognizable violation of his

2    constitutional rights, plaintiff's complaint is devoid of any allegations supporting a claim that

3    defendants Director of Corrections and Warden Sullivan personally participated in the alleged

4    deprivation of a constitutional right; knew of the violation and failed to act to prevent it; or

5    promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

6    constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black at

7    646.

8            Accordingly, based on the foregoing, it is HEREBY ORDERED that:

9        1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

10              upon which relief may be granted under section 1983;

11       2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

12       3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an

13              amended complaint; and

14       4.    If plaintiff fails to file an amended complaint in compliance with this order, the court

15              will recommend that this action be dismissed, with prejudice, for failure to state a

16              claim upon which relief may be granted.

17     IT IS SO ORDERED.

18     **Dated:    March 24, 2008**                    **/s/ Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

U.S. District Court

E. D. California