# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JOHN CARTER,<br><br>           Plaintiff,<br><br>     v.<br><br>B. HOLLIMAN, et al.,<br><br>           Defendant. | CASE NO. 1:07-cv-00887-LJO-DLB PC<br><br>ORDER DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 14) |

**I.   Screening Order**

Plaintiff Brian John Carter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on June 21, 2007. (Doc. 1.)   On March 25, 2008, the Court dismissed Plaintiff's Amended Complaint with leave to amend. (Doc. 10.) On May 16, 2008, after receiving an extension of time, Plaintiff filed a first amended complaint. (Doc. 14.) Plaintiff's first amended complaint is presently before the Court for screening. Plaintiff consented to jurisdiction by a United States Magistrate Judge. (Doc. 5.)

   **A.   Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which apply to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.    Summary of Plaintiff's First Amended Complaint**

Plaintiff is currently a state prisoner at Avenal State Prison in Avenal, California. Plaintiff was formerly imprisoned at California Correctional Institution ("CCI") at Tehachapi, California, where the acts he complains of occurred. Plaintiff names as defendants Correctional Officer ("C/O") B. Holliman; Lieutenants Lundy, Cox, G. Heartgrove; and J. W. Sullivan.

Plaintiff's complaint alleges the following. On May 8, 2006, C/O Holliman discovered a manufactured weapon taped to the underside of Plaintiff's bed. The Institutional Security Unit failed to do the investigation. (Doc. 14, p. 3.) C/O Holliman notified Lieutenant Lundy, who also failed to have ISU investigate the incident. Lieutenant Cox conducted an administrative review. (Id., p. 4.) On June 7, 2006, Lieutenant Heartgrove held a disciplinary hearing as to the weapon charge. Plaintiff was charged with unauthorized possession of a material altered from its original state or purpose and made into a weapon. (Id., p. 5.) Plaintiff was sentenced to administrative segregation.

Plaintiff seeks monetary damages against all defendants.

### C. Plaintiff's Claims

#### 1. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff lists J. W. Sullivan in the caption of his complaint, but fails to link Sullivan to any acts or omissions that demonstrate a violation of Plaintiff's federal rights. Plaintiff thus fails to state a cognizable claim against Sullivan.

#### 2. *Due Process*

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."

1  Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Under state law,
2  the existence of a liberty interest created by prison regulations is determined by focusing on the
3  nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests
4  created by state law are "generally limited to freedom from restraint which . . . imposes atypical
5  and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin
6  v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716,
7  718 (9th Cir. 2007).

8        Plaintiff alleges that defendants failed to provide due process because the ISU did not
9  conduct the investigation.  Plaintiff has stated no liberty interest in a specific means for
10 investigating an incident.  Plaintiff thus fails to state a cognizable due process claim against
11 Holliman or Lundy.

12       Plaintiff alleges that Lieutenant Cox failed to hear Plaintiff's side before conducting his
13 administrative review.  Plaintiff submits with his amended complaint an "Administrative
14 Segregation Unit Placement Notice," signed by Cox. (Doc. 14, p. 7.)  Prison officials must,
15 within a reasonable time after a prisoner's placement in administrative segregation, conduct an
16 informal, non-adversary review of the evidence justifying the decision to segregate the prisoner.
17 See Hewitt, 459 U.S. at 476.  According to the notice, on May 8, 2006, staff had discovered a
18 weapon under Plaintiff's bed area.  Plaintiff was "deemed a threat to the safety and security of
19 the Institution" and placed in administrative segregation pending   (Doc. 14, p. 7.)  The form was
20 dated May 8, 2006, which is the same date as the incident. (Id.)  Due process under the
21 Fourteenth Amendment requires that the review occur within a reasonable time, which occurred
22 here.  Plaintiff thus fails to state a cognizable due process claim against Cox.

23       Plaintiff alleges that Heartgrove's finding of Plaintiff's guilt for possession of dangerous
24 contraband was arbitrary and capricious.  (Doc. 14, p. 5.)  Plaintiff submits with his amended
25 complaint a rules violation report, detailing Heartgrove's recollection of the disciplinary hearing
26 conducted on June 7, 2006.  (Doc. 14, pp. 12-14.)

27       "Prison disciplinary proceedings are not part of a criminal prosecution, and the full
28

4

panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

According to the report, Plaintiff indicated that he had received all documents to be used in the disciplinary hearing more than twenty four hours prior to the hearing. Plaintiff was served a copy of the Rules Violation Report within 15 days of discovery, and the hearing was held within thirty days of service. (Doc. 1, p. 12.) The findings lists the evidence presented against Plaintiff, including 1) testimony by C/O Holliman that the weapon was found taped to the underside of Plaintiff's bed, 2) the weapon itself, and 3) inmates are deemed responsible for all items of contraband found in their bed areas. (Id., p. 13.) Plaintiff did not request witnesses, and stated that he would use only his IE statement as testimony for the hearing. (Id.) The issues were not found to be so complex as to merit staff assistance. (Id., p. 12.) Plaintiff was thus provided with the minimum Wolff requirements. Plaintiff fails to state a cognizable due process claim against Heartgrove.

### 3. *Conspiracy*

Plaintiff makes brief allegations of a conspiracy against Plaintiff because of his association with black inmates. (Doc. 14, p. 3.) A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v.

5

Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

Plaintiff's bare allegation of a conspiracy without facts does not state a cognizable conspiracy claim under section 1983.

**II.    Conclusion**

Plaintiff fails to state any cognizable claims under section 1983. Based on the foregoing, it is HEREBY ORDERED that Plaintiff's amended complaint, filed on May 16, 2008, be DISMISSED with prejudice.

IT IS SO ORDERED.

Dated:   **February 3, 2009**            /s/ **Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE